1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERASONICS, INC., a Washington
corporation,

                              Plaintiff,

        v.

SUPERSONIC IMAGINE, S.A., a
French société anonyme,

                              Defendant.

CASE NO. 2:17-cv-01764-TSZ

**JOINT STIPULATED
PROTECTIVE ORDER**

17
18
19
20
21
22
23
24

        Plaintiff Verasonics, Inc. and Defendant SuperSonic Imagine, S.A. (each individually

referred to herein as a "Party" and collectively as the "Parties")[1] stipulate and agree to this

protective order in the interest of efficiency and judicial economy, particularly in the interest of

avoiding ancillary litigation of discovery issues relating to confidential commercial and/or

proprietary information, and the procedures set forth herein for designating and protecting

confidential commercial and/or proprietary information.  The Parties stipulate to the following

terms.

25
26

[1] As used herein the term "Non-Party" means any natural person, partnership, corporation,
association, or other legal entity not named as a Party to this action.

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of trade secret, confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, AND HIGHLY CONFIDENTIAL—SOURCE CODE MATERIAL

Confidential Information may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" as described below.

(a)    "CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: non-public design and technical information; non-public competitive analyses; customer lists; marketing, accounting, sales, licensing, pricing, and investment information; market projections and forecasts; strategic plans and financial information; sensitive information concerning trade secrets; know-how; product research; design, testing, development, functionality and manufacturing or other non-public research and development information; personal and/or private identifying information (e.g., birthdates, bank account numbers, social security numbers, home addresses); or information otherwise maintained by a Party or Non-Party as confidential in the ordinary course of business.

(b)    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" material shall include the following documents and tangible things produced or otherwise exchanged:  extremely sensitive CONFIDENTIAL material, the disclosure of which to another Party or Non-Party would create a

substantial risk of serious harm to the disclosing Party or Non-Party that could not be avoided by less restrictive means.

(c)    "HIGHLY CONFIDENTIAL—SOURCE CODE" or "SOURCE CODE" material shall include CONFIDENTIAL non-public information representing computer code and associated comments and revision histories that define or otherwise describe in detail the algorithms or structure of computer programs or software designs.   SOURCE CODE includes, without limitation, human-readable programming language text that defines a computer program, software, firmware, or electronic hardware description.   SOURCE CODE also includes text files containing computer code including but not limited to files containing code written in scripting languages, "C," "C++," C#, assembly language, hardware description language ("HDL"), VHDL, Verilog, and digital signal processor ("DSP") programming languages, as well as ".include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP.   SOURCE CODE does not include binary executable files and object code files, nor does it include tools such as compilers or linkers.

3.    <u>SCOPE</u>

The protections conferred by this agreement cover not only CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, and HIGHLY CONFIDENTIAL—SOURCE CODE material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by the Parties, Non-Parties or their counsel that might reveal such material.   However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise provided that the Party or Non-Party making the public disclosure was under no obligation, whether by contract, court order, or operation of law, to keep the information non-public.

4. **ACCESS TO AND USE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY, AND HIGHLY CONFIDENTIAL—SOURCE CODE MATERIAL**

4.1 <u>Basic Principles</u>. A receiving Party may use CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, and HIGHLY CONFIDENTIAL— SOURCE CODE material (collectively "PROTECTED MATERIALS") that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. PROTECTED MATERIALS may be disclosed only to the categories of persons and under the conditions described in this agreement. PROTECTED MATERIALS must be stored and maintained by a receiving Party at a location and in a secure manner consistent with all provisions of this agreement that ensures that access is limited to the persons authorized under this agreement.

4.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating Party or Non-Party, a receiving Party may disclose "CONFIDENTIAL" material only to:

(a) the receiving Party's outside counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation, including, but not limited to, contract review attorneys, law clerks, paralegals, and legal secretaries;

(b) the officers, directors, and employees (including in-house counsel) of the receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation, provided that before access to any PROTECTED MATERIALS is given: (1) the outside consultant or expert completes and signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (2) the Party proposing to disclose PROTECTED MATERIALS to an outside expert or consultant complies with the procedures outlined in Paragraph 4.4;

(d) the court, court personnel, court reporters, videographers and their staff;

(e) copy, document management, electronic discovery or imaging services, or graphics or design services professionals retained by outside counsel to assist in the management and duplication of confidential material, provided that outside counsel for the Party retaining the copy, document management, electronic discovery, imaging or graphics or design services professionals instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material upon completion of the service;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or Non-Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal designated material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) trial and jury consultants, including, but not limited to, mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i) any mediator retained by the Parties or appointed by the Court in this action and employees of such mediator who are assisting in the conduct of the mediation.

4.3 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating Party or Non-Party, a receiving Party may disclose "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY" material only to those persons identified in Section 4.2 (a, c-i) and "HIGHLY CONFIDENTIAL— SOURCE CODE" material only to those persons identified in Section 4.2 (a, c, d, f, g and i).

4.4     <u>Challenging Expert or Consultant</u>

(a)     Prior to the disclosure of PROTECTED MATERIALS to an expert or consultant, the Party proposing to provide PROTECTED MATERIALS to the expert or consultant (*i.e.,* the receiving Party) shall, provide the producing Party or Non-Party with:  (i) a current curriculum vitae for the expert or consultant, which shall include (a) the expert or consultant's name and address, (b) a description of past and present employers by whom the expert or consultant has been employed, (c) a description of persons or entities by whom the expert has been engaged in any consulting or expert engagements within the last five (5) years, as well as a general description of the nature of such engagements, and (d) and a listing of cases in which the expert or consultant has testified as an expert at trial or by deposition within the preceding five (5) years; and (ii) a completed "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the proposed expert or consultant.

If an expert or consultant is precluded by virtue of a non-disclosure agreement from disclosing either the existence or nature of a prior consulting or expert engagement or the identity of the entity for which the engagement was or is being performed, then the expert or consultant shall state that certain information is being withheld on that basis and shall supplement his/her disclosure with such additional information as he/she believes would be helpful to the Parties and/or the producing Non-Party and the Court in determining whether any undisclosed consulting relationship would create a likelihood that the expert or consultant would have a conflict of interest in the engagement for this litigation, or should otherwise be precluded from acting as an expert or consultant in this litigation.

(b)     Within seven (7) business days after the producing Party or Non-Party's receipt of the information described in paragraph 4.4(a) and the signed undertaking in the form of Exhibit A, the producing Party or Non-Party may object in writing (including via email) to the proposed expert or consultant.  A Party or Non-Party objecting to disclosure of PROTECTED MATERIALS to an expert or consultant shall state with particularity the ground(s) of the

objection. Absent written agreement of the Parties and/or Non-Party (as applicable), no PROTECTED MATERIALS may be disclosed to such expert or consultant until after the expiration of seven (7) business days for the producing Party to object or while the producing Party's objection is pending. Failure to object in writing to a proposed expert or consultant within seven (7) business days after receipt of the information described in paragraph 4.4(a) will be deemed a waiver of any objection to the proposed expert or consultant, provided, however, that failure to object to an expert or consultant shall not preclude a Party or Non-Party from later objecting to continued access to the Party or Non-Party's PROTECTED MATERIALS by that expert or consultant where facts suggesting a basis for objection could not have been discovered by the objecting Party or Non-Party, or their counsel, exercising due diligence, within the period for making a timely objection. If a later objection is made, no further PROTECTED MATERIALS shall be disclosed to the expert or consultant until the matter is resolved by the Court or agreement of the parties.

(c)     If the producing Party or Non-Party objects to the proposed expert or consultant, the producing Party or Non-Party and the receiving Party shall meet and confer in good faith in an attempt to resolve their dispute without resort to the Court. If the dispute remains unresolved seven (7) business days following the producing Party or Non-Party's communication of its objection, then the receiving Party shall have seven (7) business days to file a motion pursuant to L.R. 7 seeking a ruling from the Court as to the merits of the producing Party or Non-Party's objection. Pending a ruling by the Court, the proposed expert or consultant shall not have access to the producing Party or Non-Party's PROTECTED MATERIALS. Failure to seek a ruling from the Court as described above will be deemed a waiver of the receiving Party's request for the proposed expert or consultant to access PROTECTED MATERIALS.

4.5     Prosecution Activity, Prosecution Bar

Outside Counsel of a receiving Party who reviews any producing Party or Non-Party's HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL—

SOURCE CODE materials shall not directly or indirectly draft or amend claims (or provide advice or counsel concerning the drafting or amending of claims) of any patent or patent application in the field of ultrasound technology for a period commencing upon review of such information and ending one (1) year following the final resolution of this litigation including all appeals. These prohibitions (i) are personal to the person reviewing HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY or HIGHLY CONFIDENTIAL—SOURCE CODE material in this litigation and shall not be imputed to any other person or entity and (ii) shall not be triggered by an attorney's reviewing or otherwise learning the substance of his or her client's own information. Nothing in this paragraph or Stipulated Protective Order shall be construed as preventing any attorney from challenging or defending the validity or enforceability of any patent, including without limitation in proceedings in court or *inter partes* review, post-grant review, reexamination, reissue, or any other administrative proceedings in the United States or foreign patent offices.

4.6     <u>Filing PROTECTED MATERIALS</u>. Before filing PROTECTED MATERIALS or discussing or referencing such material in court filings, the filing party shall confer with the designating Party or Non-Party to determine whether the designating Party or Non-Party will remove the designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

5.     <u>DESIGNATING PROTECTED MATERIALS</u>

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating Party or Non-Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions

of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating Party or Non-Party to sanctions.

If it comes to a designating Party or Non-Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE" to each page that contains designated material.

(b)    Testimony given in deposition or in other pretrial proceedings: the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE.  Until such time as this fifteen (15) day period has expired, the entirety of the deposition transcript shall be

presumptively treated by the receiving Party as having been designated by the producing Party or Non-Party as HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY. If a Party or Non-Party desires to protect PROTECTED MATERIALS at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "HIGHLY CONFIDENTIAL—SOURCE CODE. If only a portion or portions of the information or item warrant protection, the producing Party or Non-Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party or Non-Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation at any time. Unless a prompt challenge to a designating Party or Non-Party's designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Parties and/or Non-Party must make every attempt to resolve any dispute regarding designations without court involvement. Any motion regarding designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the Parties and/or Non-Party cannot resolve a challenge without court intervention, the designating Party or Non-Party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating Party or Non-Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as CONFIDENTIAL, HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL ONLY, or HIGHLY CONFIDENTIAL—SOURCE CODE as designated until the court rules on the challenge.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any PROTECTED MATERIALS that party must:

(a) promptly notify the designating Party or Non-Party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party or Non-Party whose PROTECTED MATERIALS may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed PROTECTED MATERIALS to any person or in any circumstance not authorized under this

agreement, the receiving Party must immediately (a) notify in writing the designating Party or Non-Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing Party or Non-Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

Any inadvertently produced material so produced and subject to a claim of privilege or a claim of work product subsequently made shall immediately be returned to the producing Party and/or expunged and in either event such material shall not be introduced into evidence in this proceeding or any other proceeding by any person without the consent of the producing Party or by Order of the Court.


10.      TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all PROTECTED MATERIALS to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, outside counsel of record are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED MATERIALS.

The obligations imposed by this agreement shall remain in effect until a designating Party or Non-Party agrees otherwise in writing or a court orders otherwise.

11.    PRODUCTION OF HIGHLY CONFIDENTIAL—SOURCE CODE

11.1    Access.  Any SOURCE CODE produced in discovery shall be made available for inspection during the discovery period in a format allowing it to be reasonably reviewed and searched, during normal business hours (which for the purposes of this paragraph shall be 9:00am through 5:00pm local time) or at other mutually agreeable times, at a mutually agreed upon U.S. office of the producing Party or Non-Party's outside counsel of record or another mutually agreed upon location.  The SOURCE CODE shall be made available for inspection on a secured, stand-alone computer ("SOURCE CODE Computer") in a secured room without Internet access or network access to other computers, and the receiving Party shall not copy, remove or otherwise transfer any portion of the SOURCE CODE onto any recordable media or recordable device. The producing Party or Non-Party may visually monitor the activities of the receiving Party's representatives during any SOURCE CODE review, but only to ensure that there is no unauthorized recording, copying, or transmission of the SOURCE CODE; this provision does not entitle the producing Party or Non-Party's representative to visually monitor the portions of the SOURCE code the receiving Party's representatives choose to review. The producing Party or Non-Party, at its sole discretion, may choose to waive any or all of the default requirements in this section 11 for its own convenience.

The producing Party or Non-Party shall provide the receiving Party with information explaining how to start, log on to, and operate the SOURCE CODE computer in order to access the produced SOURCE CODE on the SOURCE CODE computer.

11.2    <u>Software Search Tools</u>. The receiving Party may request that the producing Party or Non-Party install software tools on the SOURCE CODE computer to aid in viewing, searching and analyzing the SOURCE CODE, which request shall not be unreasonably denied. Absent agreement of the Parties and/or Non-Party (as applicable) otherwise, the receiving Party shall provide any such software tools that it wishes to use to the producing Party or Non-Party at least ten (10) business days in advance of the receiving Party's review so that the producing Party or Non-Party may install the tools on the SOURCE CODE computer. The receiving Party shall bear the costs of purchasing or licensing any software tool it requests the producing Party or Non-Party to install on the SOURCE CODE computer. To the extent a producing Party or Non-Party objects to the use of a software tool requested by the receiving Party, the producing Party or Non-Party and the receiving Party shall meet and confer in good faith in an effort to resolve the producing Party or Non-Party's objection. The producing Party or Non-Party must state with particularity its objection to the receiving Party's use of the requested software tool.  If, after ten (10) business days, the parties are unable to resolve the producing Party or Non-Party's objection, the receiving Party may seek relief from the Court.

11.4    <u>Records</u>.  Each time a receiving Party's representative accesses the SOURCE CODE Computer, the producing Party or Non-Party may require such person to complete a SOURCE CODE review log identifying: (1) the person's name; (2) the date and time access began; and (3) the date and time access ended.

11.5 <u>No Modifications</u>. No person other than the producing Party or Non-Party may alter, dismantle, disassemble or modify the SOURCE CODE computer in any way, or attempt to circumvent any security feature of the SOURCE CODE computer. In order to verify that its SOURCE CODE has not later been altered, the producing party may benchmark the materials to confirm that the materials have not been altered before and after they are provided but shall not install any keystroke or other monitoring software on the SOURCE CODE computer.

11.5 <u>Notice</u>. Absent agreement of the Parties and/or Non-Party (as applicable), the receiving Party shall notify the producing Party or Non-Party at least ten (10) business days in advance of a request to review the SOURCE CODE and shall identify the individual(s) that will be reviewing the SOURCE CODE.

11.6 <u>Copies</u>. Absent an order from the Court or written agreement of the producing Party or Non-Party, and except as provided herein, no representative of the receiving Party shall make any copies of the producing Party or Non-Party's SOURCE CODE, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the SOURCE CODE on the SOURCE CODE computers. No outside electronic devices, including but not limited to computers, laptops, tablets, storage devices (including but not limited to flash drives, floppy drives, portable hard drives, and zip drives), cellular phones, portable printers, or devices with camera functionalities shall be permitted in the same room as the SOURCE CODE computer.

The receiving Party's outside counsel of record and/or experts and consultants authorized under this Joint Stipulated Protective Order to access the producing Party or Non-Party's SOURCE CODE shall be entitled to take notes on paper relating to the SOURCE CODE, but may not copy verbatim lines of the source code into the notes. All such notes shall be bear the legend HIGHLY CONFIDENTIAL—SOURCE CODE.

11.7   SOURCE CODE Printouts. The receiving Party may request that the producing Party or Non-Party produce a reasonable number of printouts of SOURCE CODE material, each page of which shall be designated with an appropriate BATES stamp and clearly labeled "HIGHLY CONFIDENTIAL—SOURCE CODE." The producing Party or Non-Party shall provide two (2) copies of such requested printouts to the receiving Party's outside counsel of record within ten (10) business days of receiving the receiving Party's request. If the producing Party or Non-Party believes that the amount of code in the aggregate which the receiving Party wishes to have printed during the duration of this litigation becomes excessive or overly burdensome, the producing Party or Non-Party must meet and confer with the receiving Party in an effort to resolve the producing Party or Non-Party's objection. If, after ten (10) business days, the parties are unable to resolve the producing Party or Non-Party's objection, the receiving Party or Non-Party may seek relief from the Court.

11.8   Handling of Paper Copies of SOURCE CODE. The receiving Party may not place printed copies of SOURCE CODE in the custody of other persons except for those designated under Section 4.3 of this Stipulated Protective Order. Except as otherwise provided herein, the receiving Party may not create, use, access or receive electronic images, photographic images, or any other images, of the SOURCE CODE made from the paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned.

The receiving Party's outside counsel of record shall maintain a log of all copies of the producing Party or Non-Party's SOURCE CODE provided to any person. The log shall include the name of any recipient or reviewer of the copy, and the date and page numbers provided. Provided, however, that creating such log shall not be deemed to waive attorney-client privilege, work product, or any other privilege or immunity that may attach to information contained in the log.

Any paper copies of the producing Party or Non-Party's SOURCE CODE shall be stored or viewed by the receiving Party only at (a) the secure offices of outside counsel of record for the receiving Party; (b) the secure site where any deposition is taken; (c) any intermediate secure location necessary to transport the SOURCE CODE to a hearing, trial or deposition; (d) the secure office of the receiving Party's experts or consultants authorized to view such SOURCE CODE; or (e) the location of any hearing or trial in this matter.

The receiving Party's outside counsel of record and authorized experts and consultants shall maintain and store paper copies of the producing Party or Non-Party's SOURCE CODE in their custody at their offices in a manner that prevents duplication of or unauthorized access to the source code, by storing the source code in a secure, locked room, cabinet or container at all times when it is not in use.

11.9    Transportation and Use of HIGHLY CONFIDENTIAL—SOURCE CODE. The receiving Party's outside counsel of record and authorized experts and consultants may transfer printouts of the producing Party or Non-Party's SOURCE CODE only where necessary to a hearing, trial, deposition, or any intermediate location reasonably necessary to transport the printouts (e.g., a hotel prior to a Court proceeding or deposition). Only outside counsel of record or authorized experts and consultants may transport the SOURCE CODE outside of their offices. The SOURCE CODE must remain with the receiving Party's outside counsel of record or authorized experts and consultants during transport. Alternatively, the receiving Party may ship the producing Party or Non-Party's SOURCE CODE by a recognized overnight courier service, such as UPS or Federal Express, provided a tracking record is maintained by the receiving Party. Except as expressly provided herein, the receiving Party may make no further hard copies of the

producing Party or Non-Party's SOURCE CODE, and such SOURCE CODE shall not be transferred into any electronic format or onto any electronic media except that:

(a)     For depositions, upon election by the receiving Party, it may make three additional copies of the printed SOURCE CODE for use at depositions, and only such printed copies may be used at the depositions and any hearing or trial in this litigation. Further, to the extent that the receiving Party requests hard copy printouts of SOURCE CODE within ten (10) days prior to the deposition, the receiving Party may request copies of such SOURCE CODE be provided at the deposition by the producing Party or Non-Party.

(b)     The receiving Party may include excerpts of SOURCE CODE in a pleading exhibit, expert report, discovery document, deposition transcript, other document, or any drafts of these documents ("SOURCE CODE DOCUMENTS") only as is reasonably necessary and shall include only such excerpts as are reasonably necessary for the purpose used. To the extent portions of SOURCE CODE are quoted in a SOURCE CODE DOCUMENT, either (i) the entire document will be stamped HIGHLY CONFIDENTIAL—SOURCE CODE or (ii) those pages containing quoted SOURCE CODE will be separately bound and stamped HIGHLY CONFIDENTIAL—SOURCE CODE.

(c)     Electronic copies of SOURCE CODE may only be made to be included in documents which, pursuant to the Court's rules, procedures, and order(s) may be filed or served electronically. Only the necessary amount of electronic copies to effectuate such filing or service may be stored on any receiving Party's server, hard drive, or other electronic storage device at any given time.

(d)     The receiving Party shall provide notice at least ten (10) business days in advance of any deposition to the producing Party or Non-Party if the receiving party wishes to

use a searchable electronic copy of the SOURCE CODE during a deposition of an expert, 30(b)(6), or other fact witnesses who would otherwise be permitted access to such SOURCE CODE. For purposes of this paragraph, the producing Party or Non-Party shall be required to make only one searchable electronic copy of the SOURCE CODE available on a stand-alone computer available at a location agreeable to the producing Party or Non-Party under this provision.

(e)     Nothing in this Order shall be construed to limit how a producing Party or Non-Party may maintain its own material designated as HIGHLY CONFIDENTIAL—SOURCE CODE.

11.10  Nothing herein shall be deemed a waiver of any Party or Non-Party's right to object to the production of SOURCE CODE.

12.     Submission of this Order shall not be a basis for an exercise of jurisdiction or venue by this Court over a party. Nothing in this Order, or the submission of this Order by the Parties, shall constitute a waiver of any objection and/or defense by a Party as to improper service, jurisdiction and/or or venue.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

PACIFICA LAW GROUP LLP                    MILLER NASH GRAHAM & DUNN LLP


*s/ Kymberly K. Evanson*                         *s/ Brian W. Esler*
Paul J. Lawrence, WSBA #13557              Brian W. Esler, WSBA #22168
Kymberly K. Evanson, WSBA #39973      Kellen A. Hade, WSBA #44535

WALTERS WILSON LLP                         Attorneys for Defendant
Erica D. Wilson (*Admitted Pro Hac Vice*)  SuperSonic Imagine, S.A.
Eric S. Walters (*Admitted Pro Hac Vice*)

Attorneys for Plaintiff Verasonics, Inc.

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED this 12th day of January, 2018.


Thomas S. Zilly
United States District Judge

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of *Verasonics, Inc. v. SuperSonic Imagine, S.A.*, No. 2:17-cv-1764-TSZ-MAT. I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____